# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DON O. JORDAN | CIVIL ACTION |
| VERSUS | NO. 11-2178 |
| STEVE RADER, WARDEN | SECTION "J" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, including petitioner's habeas application (Fed. rec. doc. 3), the State's response (Fed. rec. doc. 15),[1] and petitioner's reply (Fed. rec. doc. 17), the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH**

---

[1] In connection with its response, the State requested three extensions of time, the last one being granted by the court on December 7, 2011. (Fed. rec. doc. 14). The State filed its response on December 15, 2011. (Fed. rec. doc. 15). On December 19, 2011, petitioner filed an objection to further motions on the part of the State seeking extensions of time to file its response. (Fed. rec. doc. 16). Petitioner's objection is **HEREBY DENIED** as moot.

PREJUDICE.

**PROCEDURAL HISTORY**[2]

Petitioner, Don O. Jordan, is a state prisoner presently incarcerated in Dixon Correctional Institute in Jackson, Louisiana. On February 7, 2008, Jordan was charged in the Twenty-Fourth Judicial District Court for the Parish of Jefferson with the second degree murder of Ashley Ruffin, a violation of Louisiana Revised Statute 14:30.1. Jordan entered a plea of not guilty at the arraignment. On April 7, 2008, Jordan filed an Omnibus Motion and Order for Pre–Trial Motions, which included standard discovery requests and a Motion to Suppress the confession, identification, and evidence obtained. The State filed a Notice of Intent to Use Evidence of Other Crimes.

On July 18, 2008, the trial court heard the Motion to Suppress and, at the same time, conducted a *State v. Prieur,* 277 So.2d 126 (La.1973) hearing. The trial court denied the Motion to Suppress and ruled that the *Prieur* evidence would be admissible at trial.

On July 28, 2008, the State amended the indictment to the lesser offense of

---

[2]The procedural history was attained via the court's review of the Louisiana Fifth Circuit Court of Appeal's opinion, *State v. Jordan*, 19 So.3d 1191 (La. App. 5 Cir. 2009), along with its review of the state record. In his "Objections to Further Continuances by the State" (Fed. rec. doc. 16), petitioner seeks a copy of the state record. For the following reasons, petitioner's request in this regard is **HEREBY DENIED**. First, petitioner was a participant in his state court proceedings and, as such, the records documenting those proceedings are not unknown to him. Second, petitioner has failed to set forth a particularized need for his state court record. It is well-established that a habeas petitioner is not entitled to records free of charge for the purpose of conducting a "fishing expedition", hoping to uncover evidence to support his application for habeas relief. *See generally Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982).

manslaughter, a violation of Louisiana Revised Statute 14:31. Jordan withdrew his plea of not guilty to second degree murder and pleaded guilty to an amended charge of manslaughter on the same date. The State agreed that it would not pursue a habitual offender bill against Jordan. The trial court sentenced Jordan to forty years at hard labor and ordered that the sentence be served concurrently with another sentence he was serving.

Thereafter, Jordan filed a timely motion for appeal which the trial court granted. (St. rec., vol. 1, pp. 60-62). On June 23, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed Jordan's conviction and sentence. *State v. Jordan*, 19 So.3d 1191 (La. App. 5 Cir. 2009). Jordan did not seek relief from the Louisiana Supreme Court.

Following the conclusion of his direct appeal proceedings, Jordan sought post-conviction relief. Jordan's effort in this regard culminated when the Louisiana Supreme Court denied his writ application. *State ex rel. Jordan v. State*, 67 So.3d 1259 (La. 2011).

On August 25, 2011, Jordan filed the instant habeas petition. (Fed. rec. doc. 3). Jordan's sole claim for relief, which he raised on both direct appeal and post-conviction, is that he was misled with regard to the sentence he would receive in exchange for his plea of guilty.

**TIMELINESS AND EXHAUSTION**

It is well-established that a petitioner must bring his habeas claims within one-year of the date his conviction became final by the conclusion of direct review or the expiration

of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In its response (Fed. rec. doc. 15, p.6), the State represents that the instant action is timely and a review of the record confirms the State's representation in this regard.

It is likewise well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court seeking habeas corpus relief. 28 U.S.C. §2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

In its response (Fed. rec. doc. 15, pp. 6-7), the State asserts that because Jordan raised the instant claim on post-conviction and brought his post-conviction application before the Louisiana Supreme Court, he has exhausted his state court remedies. However, a review of Jordan's post-conviction proceedings reflects that the state courts did not address the merits of Jordan's claim. Because Jordan, on direct appeal, raised the same claim, the district court, on post-conviction, found Jordan's claim to be repetitive and, as such, procedurally barred under LSA-R.S. 930.4. (St. rec., vol. 3). The state appellate court, after observing that it had already addressed the merits of Jordan's claim on direct appeal, concluded that the district

4

court did not erred in denying Jordan's post-conviction application as repetitive. *State v. Jordan*, No. 2010-KH-0523 (La. App. July 20, 2010) (unpublished opinion).[3] Thereafter, the Louisiana Supreme Court denied Jordan's writ application without opinion. *State ex rel. Jordan v. State*, 67 So.3d 1259 (La. 2011).

Because the state courts, on post-conviction, found Jordan's claim to be procedurally barred as repetitive, this court, in addressing the merits, should properly look to Jordan's direct appeal proceedings. However, a review of Jordan's direct appeal proceedings reflects that Jordan did not exhaust his state court remedies since he did not bring his claim to the Louisiana Supreme Court. This court, nevertheless, will review the merits of Jordan's claim. Under the provisions of 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[4]

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions

---

[3] A copy of the Louisiana Fifth Circuit's opinion is contained in the St. rec., vol. 3.

[4] Additionally, this court, by virtue of the state courts' procedural bar based on repetitiveness, is not precluded from addressing the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3, 111 S.Ct. 2590, 2595 n.3, 115 L.Ed.2d 706 (1991).

of fact, questions of law, and mixed questions of law and fact. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

**ANALYSIS**[5]

**Invalid Sentence**

Jordan claims that his counsel informed him that in exchange for his plea of guilty, he would receive a thirty-year sentence. However, moments before his *Boykin* hearing, Jordan "was presented with a new plea agreement" which provided that he would receive a forty-year sentence in exchange for his guilty plea. Jordan claims that he signed the presented plea agreement "through coercion and intimidation . . . fearing that if he did not accept the forty years the state would reject the plea...." (Fed. rec., doc. 3, Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, p. 4).

In rejecting Jordan's claim, the Louisiana Fifth Circuit reasoned:

> A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274(1969), colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain, and that bargain is not kept. *State v. McCoil,* 05–658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. *State v. Dixon,* 449 So.2d 463, 464 (La.1984).

---

[5]Generally, prior to proceeding to its analysis, the court sets forth the applicable facts established at trial. However, Jordan did not proceed to trial. Further, the sole basis of the instant habeas application is Jordan's challenge to the forty-year sentence he received in exchange for his guilty plea. Accordingly, the court, in connection with its analysis, shall review the applicable facts surrounding Jordan's guilty plea.

*Jordan,* 19 So.3d at 1194.

In the instant situation, Jordan is not claiming that his guilty plea was involuntary because he was not properly *Boykinized*. Instead, he is challenging the voluntariness of his plea based upon his claim that he was induced to plead guilty by virtue of a plea bargain and the bargain was not kept.

Federal law, like state law, provides that a guilty plea is rendered involuntary if a petitioner proves that a promise was made to him in exchange for his plea of guilty and that promise was not kept. As the court explained in *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987):

> If Davis's attorney did promise a pardon within three years, it could have rendered Davis's guilty plea unknowing and involuntary. "When a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." *McKenzie v. Wainwright,* 632 F.2d 649, 651 (5th Cir.1980). *See also McNeil v. Blackburn,* 802 F.2d 830, 832 (5th Cir.1986) (per curiam); *Smith v. Blackburn,* 785 F.2d 545, 548 (5th Cir.1986).

*Id.*

The *Davis* court then set forth what evidence a petitioner must present to prove his involuntariness claim:

> "[T]here must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden." *United States v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir.1986). Cf. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th

8

> Cir.1985) (to be entitled to evidentiary hearing on claim that sworn statements during the plea proceeding were false, petitioner must make "specific factual allegations supported by the affidavit of a reliable third person"). A petitioner is not entitled to an evidentiary hearing when his allegations of an unkept promise are inconsistent with the **bulk of his conduct**, and when he offers no detailed and specific facts surrounding the agreement. *Raetzsch,* 781 F.2d at 1152.

*Id.* (emphasis added); *see also Tijerina v. Scott*, 71 F.3d 878, 1995 WL 726658, *2 (5th Cir. 1995) (claim of coercion in connection with guilty plea rejected based on fact that petitioner "offered nothing in support of the contention. Bald assertions are insufficient to state constitutional claims.").

Jordan's "Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form reflects Jordan's understanding, via his initials, that he would receive a sentence of "40 yrs." to be served "concurrent with [his] existing sentence" and that he would not be multiple-billed. (St. rec., vol. 1, p. 45). Further, as reflected below, the transcript of Jordan's guilty plea proceeding reflects that he was aware of the fact that if the court accepted his guilty plea, he would receive a forty-year sentence.

> **THE COURT**:
>> In the event I accept your plea of guilt, **I will sentence you to 40 years at hard labor.** I will give you credit for all time you've served thus far, and the State will not file a multiple bill against you.
>> Do you understand that's the nature of your sentence?
>
> **THE DEFENDANT**:
>> Yes, ma'am.

(St. rec., vol. 1, pp. 99-100) (emphasis added).

Additionally, Jordan responded in the negative when specifically asked whether "anyone used force, coercion, intimidation, promise or reward to you or any member of your family for the purpose of making or forcing you to plead guilty". (St. rec., vol. 1, p. 99). Thereafter, upon the court's imposition of a forty-year sentence, Jordan raised no objection and filed no motion for the court to reconsider his sentence. (St. rec., vol. 1, p. 105).

Based upon the above, the Louisiana Fifth Circuit Court of Appeal concluded that Jordan had failed to "submit any evidence of coercion . . . [therefore,] he is not entitled to a reduction of his sentence." *Jordan*, 19 So.3d at 1194.

As noted above, under both state and federal law, a petitioner must submit evidence to support his claim that his guilty plea was involuntary because a plea bargain agreement was breached. In support of his claim, Jordan points to the following question, along with his response, set forth on his "Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form.

> Your plea of guilty is your decision, and no one can force you to plead guilty. Pleading guilty must be a voluntary act and must be free of any vice or defect. Has anyone used force, coercion, intimidation, promise or reward to you or any member of your family for the purpose of making or forcing you to plead guilty?

In response, Jordan circled "Yes" and provided: "I understand". (St. rec., vol. 1, p. 45.)

The court finds that the above evidence is insufficient to satisfy Jordan's burden of proof. First, the question at issue was confusing in that the first two sentences essentially asked whether Jordan's guilty plea was his decision and that no one forced him to plead guilty. Jordan's affirmative response may well have been in answer to the first words he heard, rather than the remaining portion of the lengthy inquiry. Second, Jordan's alleged affirmative response to the inquiry of whether someone forced or coerced him into pleading guilty is in direct contrast with his negative response when the same query was posed to him during his *Boykin* hearing. *See supra* at p. 10. Finally, under federal law, a petitioner has failed to satisfy his burden of proof and, therefore, is not entitled to an evidentiary hearing, "when his allegations of an unkept promise are inconsistent with the bulk of his conduct...." *Davis*, *supra*. As reflected above, the bulk of Jordan's conduct, i.e., his responses in his *Boykin* hearing and the acknowledgment, via his initials, that his sentence would be "40 years", is inconsistent with his claim that he was promised a thirty-year sentence in exchange for his guilty plea and the promise was broken when the court imposed a forty-year sentence.

Accordingly, the court finds that the state's rejection of Jordan's claim represents a reasonable application of federal law to the facts of this case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief

filed on behalf of petitioner, Don O. Jordan, be **DENIED WITH PREJUDICE**.[6]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[7]

New Orleans, Louisiana, this __5th__ day of ____January____, 2012.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[6] In his Reply (Fed. rec., doc. 17, p. 5), Jordan includes a "Request for Evidentiary Hearing". For the reasons set forth above, the court finds that Jordan is not entitled to an evidentiary hearing. As such, Jordan's request is **HEREBY DENIED**.

[7] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.