UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DON O. JORDAN                                    CIVIL ACTION

VERSUS                                           NO: 11-2178

STEVE RADER, WARDEN                              SECTION: J-6

**ORDER**

Before the Court is Petitioner Don O. Jordan's Motion to Appeal *in Forma Pauperis* **(Rec. Doc. 25)**.

**BACKGROUND FACTS**

Petitioner Don O. Jordan is a state prisoner presently incarcerated in Dixon Correctional Institute in Jackson, Louisiana, where he is serving a forty-year sentence after pleading guilty to manslaughter. After exhausting his state court remedies, Petitioner filed a petition for writ of habeas corpus in this Court on August 29, 2012, in which he claims that he was misled with regard to the sentence he would receive in exchange for his guilty plea. On January 5, 2012, the United States Magistrate Judge issued his report and recommendation, finding that Petitioner's habeas petition be dismissed with prejudice. The magistrate found that Petitioner's claims were meritless because his conduct was inconsistent with his claim that he was promised a 30-year sentence in exchange for his guilty plea. See Rec. Doc. 18. This Court approved the Magistrate's report and recommendation and adopted it as its own

opinion on February 3, 2012, and subsequently denied Petitioner's request for a certificate of appealability.  On February 29, 2012, Petitioner filed the instant motion for leave to appeal *in forma pauperis*.

## LEGAL STANDARD AND DISCUSSION

A plaintiff may appeal *in forma pauperis* if he "submits an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  A district court should inquire whether the costs of maintaining an appeal would cause undue financial hardship for the litigant.  <u>Prows v. Kastner</u>, 842 F.2d 138, 140 (5th Cir. 1988).

A court may dismiss the case at any time if it determines that the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).  Furthermore, the Court must deny a request to appeal *in forma pauperis* if it finds that the appeal is not taken in good faith.  <u>Id.</u> § 1915(a)(3).  Good faith requires that the party must be seeking appellate review of a non-frivolous issue. <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).  An issue is non-frivolous if it "involves legal points arguable on their merits." <u>United States v. Misher</u>, 401 F. App'x 981, 981 (5th Cir. 2010) (quoting <u>Howard</u>, 707 F.2d at 220).  Conversely, a

complaint is frivolous if "it lacks an arguable basis either in law or in fact." Kingery v. Hale, 73 F. App'x 755, 755 (5th Cir. 2003) (citing Denton v. Hernandez, 504 U.S. 25, 31-33 (1992)).

In the instant case, the Court finds that Petitioner's appeal is without arguable merit and is therefore frivolous. Petitioner's notice of appeal fails to specify any violation of his constitutional rights beyond that which was asserted in his initial habeas petition. The Court previously rejected the petition as meritless, and here, it finds no basis for concluding otherwise.

## CONCLUSION

Because the Court finds that Petitioner's appeal fails to raise any issues arguable on their merits,

**IT IS ORDERED** that Petitioner Don O. Jodan's Motion for Leave to Appeal *in forma pauperis* is hereby **DENIED.**

New Orleans, Louisiana, this 2nd day of March, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE